Robert Gulick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 8, 1978, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Blatt, July 31, 1978:

Robert Gulick (claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which denied him unemployment benefits on the basis that he became unemployed through his own fault.

The claimant had been employed on a part-time basis as a laborer by the United Parcel Service (employer) which had a union shop labor agreement with the Teamster's Union requiring all new employes to become members of the union after thirty days on the job. Aware of this requirement when he began working, the claimant nevertheless did not join the union allegedly because he could not afford the initiation fee and the one month's dues (a total of $109.50) required. After 36 days of employment, he was discharged because he was not a union member and he then applied for benefits which were granted under Section 402(b)(1) of the Unemployment Compensation Law[1] (Law), 43 P.S. §802(b)(1), on the basis that he had left his work for cause of a necessitious and compelling nature. The referee reversed this determination holding that the claimant had *not* left his employment for cause of a necessitious and compelling nature. The Board, while ultimately affirming the referee's denial of benefits, modified the determination so as to deny benefits under Section 3 of the Law, 43 P.S. §752, which reads as follows:

Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. [1937] 2897, *as amended*, 43 P.S. §751 et seq.

Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as *compensation for loss of wages by employes during periods when they become unemployed through no fault of their own.* The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be *used for the benefit of persons unemployed through no fault of their own.* (Emphasis added.)

We have previously held this section of the Law to have a substantive effect and application apart from the specific grounds for ineligibility found in Section 402 of the Law. *See Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976); *Unemployment Compensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975). The claimant argues here, however, that because the Board found as a fact that he could not pay the money required for joining the union, he cannot now be considered to be unemployed through his own fault.

The Board made this finding:

The claimant *could not produce* the initiation fee and one month's dues required, a total of

$109.50, and his employment was terminated on April 30, 1976. (Emphasis added.)

Although no reason for the situation described in the finding is given, the record indicates that the claimant's reason for not producing the money was that his financial difficulties prevented his saving the amount needed from his wages. The issue we must decide here, therefore, is whether or not the claimant's unemployment, clearly caused by his failure to join the union, is his own fault or was due to circumstances beyond his control and without fault on his part.

It is clear that actions resulting in unemployment and deemed to be the "fault" of a claimant under the Law require the showing of a degree of culpability on his part. *Strokes v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 584, 588, 372 A.2d 485, 487 (1977). It is also true that the claimant here knew that his continued employment was conditioned upon his joining the union within a specified period and that he was employed for approximately five weeks with a take-home salary of about $50.00 a week. He, therefore, earned a sufficient salary within the period of his employment to have paid the union's initiation fee and dues if he had chosen to allocate an appropriate portion of his salary for that purpose. He chose, however, not to make such an allocation and his unemployment was the proximate result of that decision. Although the claimant testified that other financial obligations outside of his employment interfered with his saving the money necessary for the union initiation fee and dues, the fact remains that he earned enough money within the period to have made the necessary payments and his testimony as to the hardship this would have caused him obviously did not convince the referee or the Board.

We believe the claimant had an obligation to preserve his employment by satisfying the condition pre-

cedent to such employment, *i.e.*, union membership, a reasonable requirement uniformly enforced among all the employes of the company concerned. We believe that his failure to satisfy that condition resulted in his being unemployed through his own fault.

The order of the Board is affirmed.

ORDER

AND Now, this 31st day of July, 1978, the order of the Unemployment Compensation Board of Review, numbered B-137124 and dated February 3, 1977, is hereby affirmed.