Robert Ernst, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

644

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Donald Driscoll,* for petitioner.

*Jean E. Graybill,* with her *Linda Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 26, 1978:

Robert Ernst appeals here from an order of the Department of Public Welfare (DPW) which affirmed

the decision of the Columbia County Board of Assistance (Board) denying him welfare benefits and determining that he would remain ineligible for a period of thirty days after the date of his application.

On January 6, 1977 the appellant telephoned his supervisor at the Linette Candy Company (Linette), where he had worked for approximately three weeks, to inform him that he would be late for work that day. The employer then told him not to bother to come in because he was fired. In response to his inquiry as to the reason for his termination, the appellant was told that he had missed too much time because he had been absent from work approximately one day each week. On January 19, 1977 he applied to the Board for general assistance benefits and informed the county worker that although he had been fired for missing too much time, his absences were due to illness. He had no verification, however, of his alleged illness. He was informed that the DPW Regulation §3182[1] made him ineligible for assistance because of the manner in which his employment was terminated. He was further advised that he would remain ineligible for a period of thirty days from the *date of his application* for benefits pursuant to Section 432.3 of the Public Welfare Code.[2] Thirty days later, on February 19, 1977, the appellant failed to keep an appointment at the office where he was scheduled to reapply for benefits, but he did make a reapplication on March 2, 1977, at which time benefits were granted.

On January 27, 1977 and again on February 25, 1977 the appellant registered with the Bureau of Employment Security seeking employment. On January 27, 1977, he also filed an appeal from the January 19,

---

[1] Department of Public Welfare, PA Manual §3182.

[2] Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 9, 1976, P.L. 993, 62 P.S. §432.3. (A comparable provision is now found at 55 Pa. Code §165.23(e)(3).)

1977 denial of assistance and a fair hearing was held on March 3, 1977 by a hearing officer of the DPW who sustained the denial. This order was later affirmed by final administrative action of the Hearing and Appeals Unit of the DPW and this appeal followed.

The appellant argues that Regulation §3182, upon which the DPW based the decision here appealed, is neither consistent with nor properly implements Section 432.3 of the Public Welfare Code. At the time of the appellant's filing on January 19, 1977, this Regulation read as follows:

> Every employable person is required, as a condition of eligibility for assistance to seek, accept and retain employment within the level of his capacity. The effect of failure to retain employment on eligibility for assistance depends on the following factors: the deliberateness and frequency of leaving employment, and the person's efforts to seek other employment.

> An employable person who fails to meet these requirements is ineligible for assistance for 30 days thereafter and until such time as the person is willing to comply with the employment requirements.

The DPW has been authorized by the legislature to establish regulations and standards to implement the Public Welfare Code. Section 432 of the Public Welfare Code, 62 P.S. §432, provides that persons shall be eligible for assistance "subject to the rules, regulations, and standards established by the department, both as to eligibility for assistance and as to its nature and extent. . . ." The establishment of these rules, regulations and standards involves agency discretion, and the Court will not review administrative discretion in the absence of fraud, bad faith or abuse of power. *Travis v. Department of Public Welfare,*

2 Pa. Commonwealth Ct. 110, 277 A.2d 171, *aff'd* 445 Pa. 622, 284 A.2d 727 (1971). The scope of review of an administrative regulation is, therefore, limited to a determination of whether or not there has been a clear abuse of discretion or a clearly arbitrary action. We find no such deficiency here. Regulation §3182 as it existed at the time in question was clearly designed to aid the DPW in deciding whether or not a claimant's termination of employment was voluntary, and, when an employee engages in conduct which necessarily leads to the termination of his employment, the DPW is clearly justified in characterizing such termination as voluntary.

The appellant further argues that there was insufficient evidence here to sustain the Board's finding that his conduct had necessarily led to the termination of his employment. Our scope of review in this case is limited by the Administrative Agency Law[3] to a determination of whether or not the adjudication by the DPW was supported by substantial evidence in accord with the law, and whether or not the claimant's constitutional rights were violated. *Earley v. Department of Public Welfare*, 13 Pa. Commonwealth Ct. 17, 317 A.2d 677 (1974). As was the case in *Department of Public Welfare v. Malinsky*,[4] 26 Pa. Commonwealth Ct. 193, 363 A.2d 863 (1976), the appellant's own testimony here supports the finding of excessive absence from the job on his part with-

---

[3] Act of June 4, 1945, P.L. 1388, §44, *as amended*, 71 P.S. §1710.44.

[4] In *Malinsky*, the appellant was an unsuccessful applicant for general assistance benefits. The Court found that the hearing examiner's conclusion that Malinsky voluntarily terminated his employment and was thus ineligible under Regulation §3182 was justified and therefore sustained the denial. (At the time Malinsky was denied benefits, Regulation §3182 contained slightly different language not material here.)

out a verifiable and adequate excuse. He claimed that he had had a cold, yet he was unable to provide any verification of that claim. In addition, the record shows that both he and his wife claimed to be "sick" on the same days. We believe that this evidence justified the hearing examiner's conclusion that the appellant's unacceptable behavior was the cause of his dismissal.

The appellant also argues that the penalty of Section 432.3 of the Public Welfare Code was improperly applied. This section, 62 P.S. §432.3 reads in relevant part, as follows:

> A person who is not in a class of persons excluded from mandatory participation in the Pennsylvania employables program and who without good cause: (i) voluntarily terminates employment or reduces his earning capacity for the purpose of qualifying for assistance or a larger amount thereof; or (ii) fails or refuses to accept referral to and work in employment in which he is able to engage . . . shall be disqualified from receiving assistance for thirty days thereafter and until such time as he is willing to comply with the requirements of Section 405.1.

The DPW has taken the position that the penalty for voluntary termination takes effect from the date on which it is determined that a claimant is otherwise eligible for benefits. Inasmuch as a determination of eligibility cannot be made until an application is filed, the DPW uses the date of application of an otherwise eligible claimant to begin the running of the penalty. In the instant case, the Board imposed the thirty-day penalty on January 19, 1977, which was the date of the claimant's application, because he otherwise became eligible for benefits on that day. He argues, however, that the penalty period should

run from the date on which he performed the act which resulted in the penalty being imposed, not the date of application for assistance. He urges this interpretation because the word "thereafter," he believes, can refer only to the conditions set out before it, specifically to the disqualifying acts. We must agree.

Although the DPW is given broad discretion in setting standards for the administration of the public assistance program, the legislature has clearly limited this authority to the establishment of "rules, regulations and standards, consistent with the law." Section 403(b) of the Public Welfare Code, 62 P.S. §403(b). Here, while the Department's interpretation of the legislative intent behind the penalty provision may have been made in good faith, we believe it is nonetheless inconsistent with the specific wording of the law. The Statutory Construction Act, 1 Pa. C.S. §1921(b) provides that:

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Because the language is free of ambiguity here, we believe that the interpretation urged by the appellant is correct and that the penalty should and does run from the date on which a claimant performs a disqualifying act as set out in Section 432.3.

We affirm the DPW order that the appellant was ineligible for assistance on January 19, 1977 under the applicable regulations, and we reverse the DPW order that the thirty-day penalty provision must run from the date of application. If otherwise eligible for assistance on February 6, 1977, the appellant should have been granted benefits as of that date and we will remand the case to the DPW for a determination of benefits due consistent with this opinion.

650

AND Now, this 26th day of September, 1978, the order of the Department of Public Welfare on the above-captioned matter is affirmed in part and reversed in part and is hereby remanded to the Department of Public Welfare for further proceedings consistent with this opinion.