Ronald E. Fisher, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*Daniel Joseph,* with him *Joseph & Bitar,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General for respondent.

OPINION BY JUDGE BLATT, November 20, 1978:

Ronald E. Fisher (claimant) appeals here from an Unemployment Compensation Board of Review (Board) decision that he was ineligible for unemployment compensation benefits under Section 402(b)(1)[1] and Section 401(f)[2] of the Unemployment Compensation Law (Act).

The claimant was employed as a feeder by the Allegheny Ludlum Steel Corporation (employer), when

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802 provides in part:

> An employee shall be ineligible for compensation for any week—
>
> . . . .
>
> (b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . . And provided further . . . that in determining whether or not an employee has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t).
>
> . . .

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801 provides in part:

> Compensation shall be payable to any employee who is or becomes unemployed and who—
>
> . . . .
>
> (f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections *402(b)*, 402(e) and 402(h) of this act, remuneration for services in an *amount equal to or in excess of six (6) times his weekly benefit rate* irrespective of whether or not such services were in 'employment' as defined in this act. The provisions of this subsection shall not apply to a suspension of work by an individual pursuant to a leave of absence granted by his last employer, provided such individual has made a reasonable effort to return to work with such employer upon the expiration of his leave of absence. (Emphasis added.)

on July 17, 1975 he signed off his job as a feeder and entered the labor pool. As a result of this action, he was laid off the next day along with the other members of the labor pool, but he was called back to work on August 18, 1975 and continued to work until August 30, 1975 when he was again laid off. His application for unemployment compensation benefits was denied by the Bureau of Employment Security (Bureau), and he then appealed the Bureau's determination and had a hearing before a referee. At this hearing the employer sought to testify concerning a conversation between the claimant and another employee to the effect that the claimant knew that he would be laid off if he entered the labor pool. The referee, however, sustained the employee's objection to the hearsay testimony, disallowed the testimony, and reversed the Bureau's decision. The employer then appealed to the Board and its appeal was originally denied, but the Board subsequently granted its petition for reconsideration and remanded the case to a referee acting as a hearing officer for the Board. At the remand hearing the employer's representative testified that she had told the employee that he would be laid off if he signed off his feeder job. The Board then determined that the claimant was initially ineligible for benefits under Section 402(b)(1) because he had voluntarily terminated his employment and also that he was ineligible for three of the weeks after the second layoff because he failed to purge his disqualifying separation under Section 401(f). The Board likewise determined that he was eligible for benefits after September 20, because he would have been laid off at that time even if he had retained his job as a feeder. The claimant has appealed to this Court, and Section 510 of the Act, 43 P.S. §830, provides that our scope of review in unemployment compensation appeals is confined to questions of law

and absent fraud, to a determination of whether or not the findings of fact are supported by the evidence.

The claimant here contends that the Board erred in considering the testimony of the employer's representative at the remand hearing because it was available to the employer at the first hearing and the employer failed to present it. The Board, however, has discretion under Section 203(d) of the Act, 43 P.S. §763(d) to "take such action required for the hearing and disposition of Appeals as it deems necessary and consistent with this Act" and, because we believe that the Board did not abuse its discretion here, we must find this argument without merit.

The claimant also argues that the Board incorrectly concluded as a matter of law that he voluntarily terminated his employment. He argues that the Board's finding that he was laid off is inconsistent with a finding of voluntary termination. The Board's finding, however, was that the claimant knew that his action would result in his being laid off, and we believe that this finding is supported by the evidence. It is therefore binding on this Court, and we have recently held that "when an employee engages in conduct which necessarily leads to the termination of his employment, the . . . [agency] . . . is clearly justified in characterizing such termination as voluntary." *Ernst v. Department of Public Welfare,* 37 Pa. Commonwealth Ct. 643, 647, 391 A.2d 1116, 1118 (1978).

Our decision that the claimant was correctly denied benefits under Section 402(b)(1) obviates the need to address the claimant's contention that Section 401(f) was incorrectly applied, for it is uncontroverted that the claimant failed to earn six times his weekly salary for the period from August 18, 1975 to August 30, 1975 as required by that section.

For the foregoing reasons we affirm the order of the Board.

ORDER

AND Now, this 20th day of November, 1978, the order of the Unemployment Compensation Board of Review denying benefits to Ronald E. Fisher is affirmed.