Albert Berry, Methodist Hospital, Petitioners v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DiSALLE, sitting as a panel of three.

*Doris J. Dabrowski,* with her *Tabas, Horwitz & Furlong,* for appellants.

*Betty F. Perry,* Assistant Attorney General, for appellee.

OPINION BY JUDGE DISALLE, May 21, 1979:

Albert Berry (Applicant) was denied medical assistance by the Philadelphia County Board of Assistance (Board) by reason of its determination that the medical services for which the assistance was sought had not been performed within the 90 day period preceding the date of his application, as is required by a regulation of the Department of Public Welfare (DPW). After a fair hearing was conducted by a DPW hearing examiner, the appeals of Applicant and of the Methodist Hospital (Hospital), where Applicant was treated, were dismissed and denied, respectively. Both parties have appealed to this Court.

It appears from the record that Applicant was discharged from the Hospital on February 19, 1977. Applicant's insurance carrier tentatively approved 70 days of coverage which would have adequately covered the duration of Applicant's hospital stay. On February 25, the insurance carrier was billed approximately $10,200.00 for the medical services rendered. On May 11, the insurance carrier finally ap-

proved only 25 days of coverage and subsequently remitted $4,275.00 to the Hospital, leaving an outstanding balance of about $6,000.00. On August 2, the Hospital submitted an application for medical assistance on Applicant's behalf. This application was ultimately denied by the Board on September 9, 1977.

While various questions have been raised for our consideration, only one need be addressed for present purposes. It is admitted by *all* concerned that the medical services for which assistance was sought were, in fact, rendered more than 90 days before the date of Applicant's claim and that a DPW regulation would preclude medical assistance therefor. This regulation, found at 55 Pa. Code §141.81(g)(1), provides as follows:

> Eligibility for any of the MA [Medical Assistance] services will begin with the service provided during the 90-day period preceding the date of application for Medical Assistance, if the applicant was eligible for the service during that period.

Applicant and the Hospital nevertheless argue (1) that the regulation should be "liberally" construed or "flexibly" interpreted to permit Applicant to recover, (2) that an exception should be made to the rule, given the extenuating circumstances of this case, or (3) that the rule should be invalidated.

Our research indicates that the regulation in question was promulgated to permit an individual to apply for assistance *after* he or she receives medical services. This provision is aimed at those persons whose incomes ordinarily exceed the level established for eligibility, but who have incurred a medical expense which, when subtracted from their income, brings them below that level. In other words, without having incurred the expense of a medical service, these persons would not be eligible for MA. This regulation, then, allows persons to apply for MA after the

fact so that the amount of the medical expense can be used in determining their eligibility. The practical necessity of such a provision is evidenced by the fact that the need for a particular medical service is generally unpredictable. Therefore, a reasonable period of time is given to these persons so that they can subsequently establish their eligibility.

The regulation was prompted by Section 1396a(a) (34) of the Social Security Act, 42 U.S.C. §1396a(a) (34), which requires that a state plan for medical assistance must

> provide that in the case of any individual who has been determined to be eligible for medical assistance under the plan, such assistance will be made available to him for care and services included under the plan and furnished *in or after the third month* before the month in which he made application . . . for such assistance if such individual was (or upon application would have been) eligible for such assistance at the time such care and services were furnished. (Emphasis added.)

Obviously enough, this requirement has been translated by the DPW into a 90 day period of retroactive eligibility.

Turning to the first argument raised, we do not believe that the regulation is susceptible to a "liberal" or, for that matter, a strict interpretation. The regulation is clear and unambiguous on its face and, by its own terms, does not admit of any interpretation which would benefit Applicant. Further, this Court is not at liberty to disregard the letter of a statute or regulation under the pretext of pursuing its spirit or other high purposes. *See* 1 Pa. C.S. §1921(b).[1]

---

[1] Rules of statutory construction apply to regulations of administrative agencies. *Commonwealth v. Barnes & Tucker Co.*, 9 Pa. Commonwealth Ct. 1, 41, 303 A.2d 544, 563 (1973), *rev'd on other grounds*, 455 Pa. 392, 319 A.2d 871 (1974).

The argument that an exception should be made to the regulation's explicit language is predicated largely on the fact that the insurance carrier altered (for admittedly legitimate reasons) its stated coverage in mid-stream, so to speak, and thereby allegedly precluded the Hospital's compliance with the regulation. Our review of the record, however, reveals that the Hospital was notified of the reduced coverage on May 11, 1977, and that an application for medical assistance could have been filed at least up until May 19, 1977. We fail to see, therefore, how the Applicant or the Hospital could have been prejudiced by this circumstance.

Turning finally to the argument challenging the validity of the regulation, we note initially that the DPW has been authorized by the legislature to establish regulations to implement the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §101 et seq.

> Section 432 of the Public Welfare Code, 62 P.S. §432, provides that persons shall be eligible for assistance 'subject to the rules, regulations, and standards established by the department, both as to eligibility for assistance and as to its nature and extent. . . .' The establishment of these rules, regulations and standards involves agency discretion, and the Court will not review administrative discretion in the absence of fraud, bad faith or abuse of power. . . . The scope of review of an administrative regulation is, therefore, limited to a determination of whether or not there has been a clear abuse of discretion or a clearly arbitrary action.

*Ernst v. Department of Public Welfare,* 37 Pa. Commonwealth Ct. 643, 646-47, 391 A.2d 1116, 1117-18 (1978) (citation omitted). Given the legislative mandate to the DPW to promulgate regulations which delimit the nature and extent of eligibility for medical

assistance, and the federal statute which requires states to afford eligible persons medical assistance for services rendered ''in or after the third month before the month in which he made application,'' we do not believe that the DPW abused its discretion or acted arbitrarily in promulgating a regulation which provides medical assistance for medical service rendered in the 90 day period preceding the date of application for such assistance. We believe, therefore, that even if Applicant had been determined to be eligible for medical assistance in all other respects, the fact that the medical services for which assistance was sought were rendered more than 90 days before the date of his application would nevertheless bar his receipt thereof.

ORDER

AND Now, this 21st day of May, 1979, the order of the Department of Public Welfare dated February 21, 1978, is hereby affirmed.