484

John Hart and Martha Hart, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 16, 1979, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Stuart A. Cilo,* with him *Niles·Schore,* for petitioners.

*Catherine Steward,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 14, 1980:

The Department of Public Welfare (DPW) denied petitioners' request for a one-time cash grant to cover the minimum cost of moving the family to a new residence. This appeal followed.

The question concerns DPW's interpretation of its regulations at Sections 175.23(b)(3)(i) and 297.3(1)(1)(ii) of the Public Assistance Eligibility Manual

(PAEM),[1] which would allow the cash grant if petitioners' move was necessary because their "present home is detrimental" to their "health and welfare."[2]

The department apparently has been interpreting the relevant language of those regulations narrowly, as referring to the home itself, not the surrounding environment; thus, DPW presumably would have authorized the grant had the detriment to petitioners' welfare and health been the ·result of inadequate plumbing, heating, infestation or structural defects in the house.

Petitioners established that the house they evacuated occupied a plot adjacent to a road portion called "Deadman's Curve" and had been hit by careening vehicles twice in two consecutive years. They also testified that a tree branch fell and injured the petitioner-wife, that the two minor children, a boy and girl, were forced to sleep in the same bedroom and were becoming "curious", and that the home was too far from school.[3]

Thus, petitioners contend that they are entitled to a grant under the regulation because their home was in a dangerous and detrimental location.

The question is whether it is an abuse of discretion for DPW to interpret its regulations as narrowly as it does. If the interpretation stands, petitioners' situation would be ineligible for a grant because the evidence establishes that the detriment to them resulted primarily from the location of the home.

---

[1] 55 Pa. Code §§175.23(b)(3)(i), 297.3(1)(1)(ii).

[2] Identical language, as quoted above, appears in both regulations; the former regulation applies to public assistance recipients; the latter applies to SSI recipients. Either regulation covers petitioners.

[3] We have edited the list of unfortunate problems petitioners experienced to confine it to those directly related to the quality of the residence and its location.

Although we do not here decide that the detriment must necessarily inhere within the physical structure of the house itself, we defer to DPW's discretion in implementing its own regulation, when, in a borderline case such as this, that discretion cannot be said to have been unreasonably exercised. *See Budzinski v. Department of Public Welfare,* 39 Pa. Commonwealth Ct. 176, 394 A.2d 1333 (1978); *Ernst v. Department of Public Welfare,* 37 Pa. Commonwealth Ct. 643, 391 A.2d 1116 (1978).

The order is affirmed.

### ORDER

AND Now, this 14th day of January, 1980, the order of the Pennsylvania Department of Public Welfare in case No. 15018, dated September 18, 1978, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.