532 A.2d 1281

Carolee Westwood, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 9, 1987, before Judges MacPhail and Barry, and Senior Judge Narick, sitting as a panel of three.

*Jeffrey L. Greenwald,* for petitioner.

*Sandra L. Clouser,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge MacPhail, November 5, 1987:

Carolee Westwood (Claimant) petitions for our review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision to deny benefits to Claimant on the ground that she voluntarily terminated her employment without cause of a necessitous and compelling nature. *See* Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). We affirm.

Claimant was employed by the Northampton County Children and Youth Service (Employer) as a clerk-typist until April 23, 1986, when she began a medical leave of absence, at her physician's direction, due to allergies which she suffered in her work environment. Claimant initially believed that her absence would last for only four weeks. On May 2, Employer's executive director requested Claimant to alert her physician that she would be requesting additional information regarding the length of Claimant's leave of absence. Claimant so informed her doctor who, on May 29, in response to a subsequent letter from the executive director, requested a three-month leave period on her behalf. Employer ultimately decided to grant a two-month leave of absence ending on June 25, 1986.

Claimant thereafter contacted Employer regarding her return to work, and was informed that she would need a medical release from her doctor prior to her return. On July 3, 1986, Claimant's physician signed the following release:

> Carolee Westwood is a patient under my care for bronchial asthma and eczema. Her symptoms are worse in the old Courthouse Annex. She may return to work but not in the same building after July 7th, 1986[.]

On July 8,[1] Claimant telephoned the personnel director's office to determine where she should report to work, but was told he was not available. Claimant made no other attempt to contact Employer. By letter dated July 11, Employer informed Claimant that it considered her to have abandoned her position effective July 8 for failing to contact Employer regarding her return to work.

---

[1] The referee's finding mistakenly reflects that Claimant placed the call to the personnel director on July 11, rather than July 8. The Board concedes in its brief that the reference to July 11 is erroneous.

Claimant's subsequent application for unemployment compensation benefits was granted by the Office of Employment Security which concluded that Claimant had cause of a necessitous and compelling nature for terminating her employment based on her physician's advice that Claimant not return to her prior employment location. Employer appealed this determination and, following a hearing, the referee reversed based on his conclusion that "claimant did not act as a reasonably prudent person when she was released to return to work. Instead of contacting her supervisor or the executive director, claimant called the personnel director who was not present and never called again." On appeal, the Board adopted the referee's fact findings without change and affirmed the denial of benefits.

Claimant contends on appeal to this Court that she neither abandoned her employment nor failed to take reasonable steps to maintain her employment relationship. She also argues that Employer failed to meet its duty of offering an alternative work assignment after it was made clear by Claimant's doctor that she could not return to her prior work location.

In a case involving a voluntary termination of employment, the claimant bears the burden of proof to establish cause of a necessitous and compelling reason for leaving work. *Gennaria v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 354, 461 A.2d 918 (1983). We observe that Claimant contends in the instant matter that she did not voluntarily terminate her employment at all. The issue of whether a termination of employment is properly viewed as voluntary or involuntary, however, is one of law subject to our review. *Connelly v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 326, 450 A.2d 1097 (1982). Moreover, an employee's failure to take all necessary and reasonable steps to preserve her

employment will result in a voluntary termination of employment. *Evasovich v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 395, 471 A.2d 921 (1984).

We conclude that the facts previously summarized support the legal conclusion that Claimant failed to take reasonable minimal steps to properly preserve her employment relationship and, as a result, voluntarily terminated her employment. The facts reveal that Claimant was released to return to work after July 7 subject to the condition imposed by her physician regarding the physical location of her work assignment. In view of the prolonged period of absence which preceded this work release, we believe it was incumbent on Claimant to maintain contact with Employer regarding her impending return. We recognize that the referee did find that Claimant attempted to contact the personnel manager on July 8 without success. Claimant, however, made no other attempt to contact either her direct supervisor, the executive director or any other Employer representative. We do not view Claimant's single attempt to contact Employer as constituting a reasonable effort to preserve her employment relationship. We conclude that under the circumstances presented, Claimant could reasonably be expected to display greater effort in making contact with Employer to demonstrate her continued interest in employment.

We are, of course, aware that our Supreme Court's analysis in *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982), has further refined the actions which an employee with a medical condition must take in order to demonstrate a good faith effort to maintain his employment relationship. Under *Genetin,* a claimant need only inform his employer of his medical condition and stand ready to accept any reasonable accommodation offered by the

employer. In the instant case, it is clear that Employer was fully aware of Claimant's medical difficulties. It also appears from the record that Employer was willing to effect a transfer of Claimant to another work locale, although no specific offer of such a transfer had been formally communicated to Claimant. We conclude that the effectuation of such a transfer, however, was precluded by Claimant's failure to take reasonable steps to maintain contact with her Employer.

While under the holding of *Genetin*, an employee is no longer required to request a transfer to more suitable employment prior to terminating his employment for medical reasons, we do not interpret the Supreme Court's ruling as obviating the basic necessity of maintaining appropriate contact with the employer. *See Beattie v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 324, 500 A.2d 496 (1985) (claimant must be available for reasonable accommodations of the employer). Thus, our ruling in the instant case is based, not upon Claimant's failure to specifically request a transfer to a suitable work location, but rather on her failure to take reasonable measures to ensure that her basic employment relationship continued.

Having concluded that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature, we will affirm the Board's denial of unemployment compensation benefits under Section 402(b) of the Law.

## ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.