■ In the Matter of the Claim of RICHARD R. HANNAH, SR., Appellant. NEW YORK CITY BOARD OF EDUCATION, Respondent; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 1988, which ruled that claimant was disqualified from receiving benefits.

In January 1986 claimant was granted a temporary per diem teaching certificate (hereinafter TPDC) by the New York City Board of Education. The certificate was conditioned on claimant's completion of six credits in professional education by September 1986 and another five credits by September 1987. In September 1986, claimant applied for a renewal of the TPDC. The record confirms that he did not complete the required courses. Instead claimant represented on his application that he would complete the courses "over the summer" and provide the relevant transcripts by May 1, 1987. Claimant was permitted to teach through the 1986-1987 school year but was ultimately terminated for failing to document the necessary credits.

The Unemployment Insurance Appeal Board's conclusion that claimant's failure to satisfy the course conditions for his TPDC constituted a provoked discharge, disqualifying him from the receipt of benefits, is supported by substantial evidence in the record. The "provoked discharge" doctrine pertains where an employee's voluntary disregard of a legitimate condition of employment mandates his termination (see, Matter of De Grego [Levine], 39 NY2d 180, 183; Matter of Bookhard [New York City Law Dept.—Roberts], 131 AD2d 912; Matter of Steckel [New York City Taxi & Limousine Commn.— Roberts], 100 AD2d 709). This is precisely the situation here.

A board of education is authorized to issue TPDCs only upon a demonstrated shortage of certified teachers and under specific certification requirements (see, 8 NYCRR 80.18). On April 6, 1984, the employer in this case adopted a resolution authorizing the issuance of TPDCs, with renewal or extension contingent upon the completion of no less than six semester hours of collegiate study by September 1 of the ensuing school year (see, 8 NYCRR 80.36 [c]). By virtue of this resolution, the employer issued a TPDC to claimant expressly conditioned upon his completing six credit hours by September 1, 1986 and an additional five credit hours during the 1986-1987

school year. Absent proof of compliance, the employer was not authorized to renew claimant's TPDC (see, 8 NYCRR 80.18 [b] [2] [ii]). Consequently, claimant's failure to comply, which may properly be deemed voluntary, mandated his dismissal and disqualified him from receiving unemployment insurance benefits. His assertion that an extension was granted to complete the required coursework finds no support in the record.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.