Karen A. **FREEMAN**, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES**, Respondent.

No. 89–194.

District of Columbia Court of Appeals.

Argued Dec. 7, 1989.

Decided Jan. 19, 1990.

---

Karen A. Freeman, pro se.
Michael A. Milwee, for respondent.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and MACK, Senior Judge.

ROGERS, Chief Judge:

Petitioner, Karen A. Freeman, appeals from the denial of her claim for unemployment compensation benefits on the ground that the District of Columbia Department of Employment Services erred in finding that she had voluntarily quit her employment and, therefore, was not entitled to receive benefits under D.C.Code § 46–111(a) (1987). We hold that the agency's interpretation of the voluntary quit provision of the statute is not unreasonable or contrary to law, and accordingly affirm.

## I.

Petitioner worked for the Grand Hyatt Hotel as a full-time banquet server until May 30, 1988, when she changed her status from full-time banquet server to on-call banquet server. In so doing she understood that she would relinquish her entitlement to certain benefits of a full-time employee and that she would only work if the Hotel called for her services. From July 23, 1988 to August 14, 1988, a three week period, the Hyatt had no work to offer Ms. Freeman.

Petitioner's initial claim for unemployment benefits, filed with the agency on July 28, 1988, was denied on the ground that she had voluntarily quit her employment without good cause connected to the

work within the meaning of D.C.Code § 46–111(a). The Appeals Examiner affirmed the voluntary quit disqualification on September 30, 1988, as did the Office of Appeals and Review. Petitioner appeals on the ground that she did not "quit" her job, but rather changed her status and was laid off due to a seasonal slowdown in the banquet business and should be compensated for her period of unemployment.

## II.

■ This court must defer to an agency's interpretation of the governing statute as well as its own regulations. That interpretation is entitled to controlling weight unless it conflicts with the statute, is inconsistent with a regulation, or otherwise is contrary to established legal doctrine. *Gunty v. District of Columbia Dep't of Employment Servs.*, 524 A.2d 1192, 1196 (D.C.1987). The Department of Employment Services interpreted D.C.Code § 46–111 and 7 DCMR § 311 (1986) to disqualify for unemployment benefits an employee who voluntarily changes her status to "on-call", where the employer subsequently has no work available. Ms. Freeman has failed to show how that interpretation warrants reversal here.

■ Although this court has not previously been presented with the issue of whether an employee's change in employment status which has the effect of maximizing the possibility that the employee will not be employed constitutes a voluntary quit within the meaning of D.C.Code § 46–111(a), other jurisdictions have so held. Thus, an employee who fails to take all necessary and reasonable steps to preserve her employment will be deemed to have brought about a voluntary termination of employment. *Westwood v. Unemployment Bd. of Review*, 110 Pa. Commw. 645, 647–49, 532 A.2d 1281, 1282 (1987). Further, an employee's voluntary change in his or her status with knowledge that the action will result in a lay-off is a voluntary termination and will disqualify the employee for unemployment benefits. *Fisher v. Unemployment Compensation Bd. of Review*, 38 Pa.Commw. 518, 522–23, 393 A.2d 1304, 1306 (1978); *Weaver v. Unemployment Compensation Bd. of Review*, 60 Pa.Commw. 136, 137–39, 430 A.2d 1214, 1215 (1981). In other words, where an employee "set into motion the process which caused him or her to be unemployed," the employee is not eligible for benefits. *Weaver, supra*, 430 A.2d at 1215.

■ Our review is limited and we find that there is sufficient evidence to support the agency's finding that petitioner voluntarily and without "good cause" changed her status from full-time banquet server to "on-call" banquet server in May 1988 in order to attend school, work for other hotels, and to work in another profession. *See Gopstein v. District of Columbia Dep't of Employment Servs.*, 479 A.2d 1278 (D.C.1984). Petitioner voluntarily removed herself from the benefits of full-time status, *i.e.*, guaranteed hours as well as health, retirement and other benefits. She did so in order to follow other pursuits, including school and other employment. While it did not necessarily follow that by so doing she would be without work or laid off by the Grand Hyatt Hotel, petitioner voluntarily placed herself in an unprotected position with the knowledge that she would be given work only if it was available. By voluntarily and knowingly assuming the risk of unemployment due to unavailability of work, the agency could find that she set into motion the process which caused her unemployment and failed to take reasonable actions necessary to preserve her employment. *Weaver, supra*, 430 A.2d at 1215; *Westwood, supra*, 532 A.2d at 1282.

■ Although petitioner's situation differs from that of the claimant in *Westwood, supra*, 532 A.2d 1281, the principles enunciated there are no less applicable. Petitioner had the obligation to preserve her employment relationship. *See id.* at 1282 (claimant had the burden of proof to establish that she had changed her work status for "cause of a necessitous and compelling reason"). Notwithstanding the fact that she was aware that there was a volume of business for hotel catering during the summer months, although reduced

from the other times of the year, petitioner was aware that her job was not a part-time job in which she was guaranteed a minimum number of hours of work but was instead a job in which she would only work if the hotel had work for her to do and called for her services. Further, she knew that the hotel only offered full-time or on-call positions, and did not offer a part-time position. *See Fisher, supra,* 393 A.2d at 1306; *Weaver, supra,* 430 A.2d at 1215. A conditional likelihood of employment is insufficient to preserve eligibility for unemployment compensation benefits. *See Gopstein, supra,* 479 A.2d at 1281. Under these circumstances the agency could reasonably conclude that by changing her status to on-call employment petitioner had maximized the possibility that she would not have work. In that sense, the agency could find that petitioner had not taken all reasonable steps to preserve her employment since she had determined, as a result of her own initiative and without any pressure or suggestion by the employer, that she wanted to pursue other endeavors and, therefore, did not want full time employment. Petitioner's reliance on *Gunty v. District of Columbia Dep't of Employment Servs., supra,* is misplaced since the facts are entirely different and the test of a "reasonable and prudent person in the labor market" affords her no relief. 524 A.2d at 1199.

Accordingly, we affirm the order of the District of Columbia Department of Employment Services denying petitioner's claim for unemployment compensation benefits.

*Affirmed.*