**Kyna Janine P. TAYLOR, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 98–AA–176.**

District of Columbia Court of Appeals.

Submitted Nov. 30, 1999.

Decided Dec. 16, 1999.

Kyna Janine P. Taylor, pro se.

Michael A. Milwee, Washington, DC, was on the brief for respondent.

Before SCHWELB and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM.

An appeals examiner of the Department of Employment Services (DOES) denied petitioner unemployment benefits on the ground that she had voluntarily quit her employment. *See* 7 DCMR § 311.3 (1986).

The Director of DOES affirmed without discussion. In this court, the Director recasts the agency's reasoning by stating that "[t]his case presents the somewhat rare instance of a voluntary quit disqualification being imposed due to a 'provoked discharge' or 'constructive voluntary quit,'" quoting in part *Claim of Hannah*, 144 A.D.2d 765, 534 N.Y.S.2d 752, 753 (3 Dept. 1988). We have no occasion here to consider whether, or in what circumstances, a decision to quit might be deemed "constructively voluntary" (though not voluntary in fact), because the record is unambiguous that petitioner did not quit her employment. Rather, on the facts presented by the employer,[1] she refused repeated orders to stay at her job one afternoon and finish an assigned task, a refusal which the employer evidently saw as part of a pattern of such behavior. Accordingly, on August 8 the employer's personnel director sent her the following letter:

> In light of your continued abandonment of your job responsibilities, your employment is hereby terminated, effective immediately. Enclosed is your final pay check, including all accrued vacation time. Please contact me to arrange a time to pick up any remaining personal possessions.

In his testimony at the hearing, the personnel director likewise stated that he had warned petitioner, "if you leave, I have to terminate you," and that when she refused to stay and finish the assignment, "we terminated her because she abandoned the job."

The confusion in the examiner's analysis appears to stem from the employer's use of the word "abandonment," which connotes a voluntary decision to quit. But, what petitioner "abandoned," if anything, was her "job responsibilities," not her job.

In other words, she was fired for what the employer considered "misconduct occurring in the course of [her] most recent work," 7 DCMR § 312.1, either "violation of [the] employer's rules" or "insubordination." 7 DCMR § 312.3(a) & (f). *See, e.g., Colvin v. District Unemployment Compensation Bd.*, 306 A.2d 662, 664 (D.C. 1973) (leaving work without permission to attend to personal affairs, despite warnings from supervisor, was breach of contractual duty and misconduct). If petitioner is to be disqualified from receipt of benefits, it must be under the standards for misconduct, not voluntary quit.[2] *See, e.g., Keep v. District of Columbia Dep't of Employment Servs.*, 461 A.2d 461, 462–63 (D.C.1983); *Williams v. District Unemployment Compensation Bd.*, 383 A.2d 345, 349 (D.C.1978). As the Director has not undertaken that analysis, we reverse the decision of DOES and remand the case, leaving to the Director's discretion whether the taking of additional testimony is required.

*So ordered.*

---

1. Petitioner did not attend the hearing before the examiner, later claiming that she had been sick and mistakenly thought it was scheduled for the next day.

2. *Freeman v. District of Columbia Dep't of Employment Servs.*, 568 A.2d 1091 (D.C. 1990), cited by the Director, is not apposite here. There the employee made a voluntary decision in fact to change her work status from full time to "on-call" banquet-server, "voluntarily plac[ing] herself in an unprotected position with the knowledge that she would be given work only if it was available." *Id.* at 1093.