# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William M. Brown,                          :
                                           :
                    Petitioner             :
                                           :
          v.                               :     No. 2248 C.D. 2013
                                           :
Unemployment Compensation                  :     Submitted: May 30, 2014
Board of Review,                           :
                                           :
                    Respondent             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED: July 31, 2014**


         William Brown (Claimant), pro se, petitions for review of an Order from the

Unemployment Compensation (UC) Board of Review (Board) affirming the

Decision of the UC Referee (Referee) that found Claimant ineligible for UC

benefits pursuant to Sections 401(d)(1)[1] and 402(b)[2] of the UC Law (Law) and

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, as amended, 43 P.S. § 801(d)(1). Section 801(d)(1), in relevant part, provides "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [is] able to work and available for suitable work. . . ." Id.

[2] 43 P.S. § 802(b). Section 402(b), in relevant part, provides, "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily

*(Continued…)*

Section 4001 of the 2008 Emergency Unemployment Compensation Act[3] (EUCA). The Board found Claimant was not able and available to work and voluntarily quit his employment with Dave and Busters (Employer) without a necessitous and compelling cause. On appeal, Claimant argues that he had a necessitous and compelling cause for leaving work because he underwent two surgeries and consistently updated Employer on his condition and availability for work. Discerning no error, we affirm.

Claimant worked as a full-time maintenance associate and busboy for Employer from February 5, 2013 until May 27, 2013. (Referee Decision, Findings of Fact (FOF) ¶ 3.) On June 6, 2013, Claimant filed for UC benefits. The UC Service Center issued a Notice of Determination finding Claimant not ineligible under Section 402(b), but ineligible under 401(d)(1) beginning with the compensable week ending June 8, 2013. (Notice of Determination, R. Item 5.) The UC Service Center found that Claimant took a medical leave of absence but, because his restrictions were so great, he was unable to accept any type of work; therefore, he was not able and available for suitable work. (Notice of Determination, R. Item 5.) Claimant appealed the Notice of Determination and a hearing was held before the Referee. Claimant testified on his own behalf and

leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . ." Id.

[3] Title IV of the Supplemental Appropriations Act of 2008, P.L. 110–252, 122 Stat. 2323, § 4001(d)(2), 26 U.S.C. § 3304 Note. Section 4001, in relevant part, provides: "[f]or purposes of any agreement under this title . . . the terms and conditions of the State law which apply to claims for regular compensation and to the payment thereof shall apply to claims for emergency unemployment compensation and the payment thereof. . . ." Id.

Employer presented the testimony of its Senior Manager. After the hearing, the Referee made the following relevant findings of fact:

> 4. The claimant reported off work on May 27, 2013, informing the employer he needed to go to the hospital. On May 28, 2013, the claimant notified the employer that he had to have surgery and the claimant was advised by the General Manager that he would need a doctor's release listing any restrictions, before he would be permitted to return to work.
> 5. The claimant asserts he had surgery on May 28, 2013, which required the claimant to be off work due to medical issues. The claimant also asserts he later had to have a second surgery, due to his medical issues.
> 6. The claimant did not inform the employer of his need for a second surgery and did not continue to contact the employer to provide them with updates of his medical condition.
> 7. The claimant asserts it was not until August 1, 2013, before he was released to return to any type of work. The claimant also asserts he contacted the employer's place of business, leaving a message at the front desk requesting a return call, to be able to inform the employer he was able to return to work. The claimant also asserts that he received no return call from the employer, and admits he did not go to the employer's place of business to provide the employer with any type of documentation from his doctor, releasing him to return.
> 8. The claimant did not perform work for [Employer] following his last day on May 27, 2013.

(FOF ¶ 4-8).

The Referee found Claimant's testimony credible that he suffered from a medical condition, that he underwent surgery to remedy that medical condition, and that he notified Employer of his medical condition to request time off work. (Referee Decision at 2-3). The Referee, however, determined that Claimant failed to notify Employer of his second surgery, remain in contact with Employer, or provide Employer with an expected return date. (Referee Decision at 3.) The

Referee found Employer's testimony credible that Claimant notified Employer of his ability to return to work on June 15, 2013 and that Employer requested Claimant to provide medical documentation before he could return to work. (Referee Decision at 3.) Because Claimant did not provide Employer with the requested medical documentation and only left a voicemail for Employer on August 1, 2013, the Referee concluded that Claimant did not make a reasonable effort to preserve his employment. (Referee Decision at 3.) Accordingly, the Referee held that Claimant failed to establish a necessitous and compelling reason for being absent from work or that he was able and available to work for the compensable week ending June 8, 2013. (Referee Decision at 3.) Therefore, the Referee denied Claimant UC benefits pursuant to Sections 401(d)(1) and 402(b) of the UC Law and Section 4001 of the EUCA . (Referee Decision at 3.)

Claimant appealed the Referee's Decision to the Board, which affirmed and adopted the Referee's Decision. Claimant now petitions this Court for review.[4]

Initially, we note that the Board acknowledges that it incorrectly ruled that Claimant was ineligible for UC benefits pursuant to Section 402(b) of the UC Law for the week ending June 8, 2013 rather than the week ending June 22, 2013, which was the first full week that Claimant notified Employer he could return to work. However, the Board asserts that because Claimant's presumption of ability to work was rebutted under Section 401(d)(1) for the week ending June 8, 2013,

---

[4] This Court's "scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence." Lee v. Unemployment Compensation Board of Review, 33 A.3d 717, 719 n.4 (Pa. Cmwlth. 2011).

4

and remained rebutted for the week ending June 15, 2013, this error does not affect the denial of benefits because Claimant was properly denied UC benefits under Section 402(b) for the week ending June 22, 2013.

Before this Court, Claimant does not challenge the Board's determination that he was ineligible for benefits under Section 401(d)(1) of the UC Law. Claimant focuses solely on the Board's determination that he was ineligible for UC benefits pursuant to Section 402(b). Because Claimant did not appeal the Board's determination that he was ineligible for benefits under Section 401(d)(1) for the two weeks ending June 15, 2013, and Claimant and Employer only disagree about whether Claimant was ineligible for benefits under Section 402(b) for the compensable week ending June 22, 2013, the only issue we have to address is whether Claimant was ineligible for UC benefits pursuant to Section 402(b) for the compensable week ending June 22, 2013.

A claimant is ineligible for UC benefits during any week in which his unemployment is due to his voluntary termination of his employment "without cause of a necessitous and compelling nature." 43 P.S. § 802(b). When on medical leave, a claimant must notify the employer of his or her medical condition, remain available for work consistent with that medical condition, and make a good faith effort to preserve his or her employment. Genetin v. Unemployment Compensation Board of Review, 451 A.2d 1353, 1356 (Pa. 1982); Cullen v. Unemployment Compensation Board of Review, 666 A.2d 772, 773-74 (Pa. Cmwlth. 1995). "An employee's failure to take all necessary and reasonable steps to preserve [his or] her employment will result in a voluntary termination of

5

employment." Westwood v. Unemployment Compensation Board of Review, 532 A.2d 1281, 1282 (Pa. Cmwlth. 1987).

Claimant argues he made a "reasonable effort to preserve his employment" by notifying Employer that he would be in contact after he attended a doctor's appointment on August 1, 2013. (Claimant Br. at 10.) Claimant also contends that he left several messages on August 1, 2013 with Employer, but never received a return phone call. There is no evidence in the record, however, that supports Claimant's contention that he notified Employer about his doctor's appointment on August 1, 2013. In fact, the Referee explicitly credited Employer's testimony that Claimant called on or about June 15, 2013 and notified Employer that he was able to return to work. (Referee Decision at 3.) During that telephone conversation, Employer notified Claimant that he had to provide medical documentation before he could return to work. (Referee Decision at 3.) Claimant, thereafter, failed to provide Employer with the medical documentation required for him to return to work. (Referee's Decision at 3.)

The Referee did credit Claimant's testimony that he called Employer and left a message on August 1, 2013. (Referee's Decision at 3.) However, Claimant's decision to call and leave a message with Employer without more does not show that Claimant made "a reasonable effort to preserve his employment. . . ." Malloy v. Unemployment Compensation Board of Review, 523 A.2d 834, 836 (Pa. Cmwlth. 1987); see also Westwood, 532 A.2d at 1282 (holding that claimant did not make a reasonable effort to preserve her employment despite attempting to contact her employer once without success). Claimant did not travel to Employer's place of business to provide the requested medical documentation. There is also

6

no evidence of Claimant asking a friend or family member to drop off the medical documentation on his behalf or Claimant attempting to mail, email, or fax the medical documentation. Accordingly, the record supports the determination that Claimant was ineligible for UC benefits pursuant to Section 402(b) of the UC Law for the week ending June 22, 2013.[5]

For the foregoing reasons, the Board's Order is affirmed.[6]

_____
**RENÉE COHN JUBELIRER, Judge**

---

[5] We agree with the Board's contention that this Court may not consider any documents attached to Claimant's brief that are not within the certified record. See <u>Commonwealth v. Geatti</u>, 35 A.3d 798, 800 (Pa. Cmwlth. 2011) (citation omitted) ("It is well settled that an appellate court cannot consider anything which is not part of the certified record in a case."). Even if this Court was able to consider the documents submitted by Claimant, they do not support Claimant's position that he made a good faith effort to preserve his employment.

[6] We will affirm an Order of the Board "where the result is correct, even if the reason given is erroneous, where the correct basis for the decision is apparent on the record." <u>Philadelphia Parking Authority v. Unemployment Compensation Board of Review</u>, 1 A.3d 965, 969 (Pa. Cmwlth. 2010) (citations omitted).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

William M. Brown,                                     :
                                                      :
                              Petitioner              :
                                                      :
                    v.                                :      No. 2248 C.D. 2013
                                                      :
Unemployment Compensation                             :
Board of Review,                                      :
                                                      :
                              Respondent              :

# **O R D E R**

   **NOW**,  July 31, 2014,  the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby **AFFIRMED**.

_____
                                          **RENÉE COHN JUBELIRER, Judge**