Edward Strelinski *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Edward Strelinski, Appellant.

Argued October 25, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Timothy P. O'Reilly*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 4, 1977:

This is an appeal by Edward Strelinski (Strelinski) from an Order of the Unemployment Compensation Board of Review (Board), dated December 17, 1975. The Order affirmed a referee's determination that Strelinski had voluntarily terminated his employment without a necessitous and compelling reason and

was therefore ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

Strelinski had been employed by the Chartiers Mental Health/Mental Retardation Center (Center) for a period of four years. The first three years of his employment were in the capacity of Drug Unit Director. On September 1, 1974, however, Strelinski assumed the post of Acting Executive Director. An Acting Drug Unit Director was appointed to Strelinski's former position. The record is clear that all parties understood from the inception that Strelinski could return to his former position should he not be named Executive Director on a permanent basis.

Strelinski served in the capacity of Acting Executive Director for approximately ten months. While in this position he submitted a request to the Board of Directors that the Acting Drug Unit Director be appointed to that position on a permanent basis. The directors approved this recommendation at their meeting on April 10, 1975. At that same meeting, a person other than Strelinski was appointed permanent Executive Director. These events left Strelinski without a position. The Center's efforts to provide an additional opening for him were unsuccessful and Strelinski submitted his letter of resignation on April 14, 1975, effective April 30, 1975.

Strelinski contends that his letter of resignation should not be viewed as a voluntary termination. He argues that when he wrote the letter there was no position available for him within the Center. His termination was inevitable and his resignation therefore should be considered a formality. We do not agree.

Strelinski's unemployment can be viewed as involuntary only if it occurred through "no fault of his own." *Lybarger Unemployment Compensation Case,*

418 Pa. 471, 477, 211 A.2d 463, 466 (1965). The record reveals that Strelinski's termination emanated from his actions. His former position was unavailable to him as a result of his recommendation that it be filled on a permanent basis. This was approved on the same day he learned he would not be named the permanent Executive Director. Although Strelinski contends he was pressured into making this recommendation, in unemployment proceedings, the credibility of the witness, the weight of the testimony, and the reasonable inferences to be drawn from such testimony are considerations for the Board. *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A.2d 129 (1972). The Board's finding of a voluntary termination is supported by substantial evidence and is therefore conclusive. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

Upon a determination that unemployment was voluntary, the burden is upon the claimant to establish a necessitous and compelling reason for leaving. *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974). Strelinski testified that he submitted his letter of resignation with the belief such action was necessary to avoid embarrassment to the new Executive Director and the Center. This reason fails to rise to the level of being necessitous and compelling. The forces influencing an employe to end his relationship with an employer must be "real not imaginary, substantial not trifling, and reasonable not whimsical." *Goldstein Unemployment Compensation Case,* 181 Pa. Superior Ct. 255, 124 A.2d 401 (1956). The Board concluded that the claimant had not met his burden. This is supported by the record. We affirm and

ORDER

AND Now, this 4th day of January, 1977, it is hereby ordered that the Order of the Unemployment Compensation Board of Review, dated December 17, 1975, denying benefits to Edward Strelinski, is affirmed.