Harrison S. Comstock, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Frank J. Lucchino, Grogan, Graffam, McGinley, Solomon & Lucchino,* with him *Joseph M. Coyle,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 23, 1981:

Harrison Comstock (claimant) appeals here from a decision and order of the Unemployment Compensation Board of Review (Board) which held that claim-

ant had terminated his employment without cause of a necessitous and compelling nature, and was thus disqualified from receiving benefits by Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, Second Ex. Sess., *as amended,* 43 P.S. §802(b)(1).[1]

The facts in this case are not in dispute. On March 23, 1979, claimant, because of a lack of work, was laid off from his job as an internal welder for A.C.F. Industries (A.C.F.), a position he held for approximately twelve years. At the time of the layoff, claimant was covered by the terms of a collective bargaining agreement between A.C.F. and the United Steel Workers of America which provided, *inter alia,* that all laid off employees had the right to "bump" less senior employees in equivalent or lesser job classifications if the laid off employee was qualified to fill the position in question. Although A.C.F. informed claimant on March 27, 1979, that he had to exercise this right, claimant failed to pursue the matter, and accordingly remained unemployed.

Before this Court, the only issue raised by claimant is whether the Board erred as a matter of law by concluding that his failure to exercise his contractual "bumping" privilege amounted to a voluntary termination of employment. Since we believe that the Board committed no such error, we will affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which states in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Pursuant to the Act of July 10, 1980, P.L. 521, Section "402 (b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

"The issue of whether one has voluntarily left work is one of law; the resolution of that question is dependent upon the underlying facts as found by the board." *Roberts v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 21, 24, 432 A.2d 646, 648 (1981).

In deciding whether an employee's termination is "voluntary" or not, we have stated that " 'when an employee engages in conduct which necessarily leads to the termination of his employment, the . . . [agency] . . . is clearly justified in characterizing such termination as voluntary.' " *Fisher v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 518, 522, 393 A.2d 1304, 1306 (1978) (quoting *Ernst v. Department of Public Welfare*, 37 Pa. Commonwealth Ct. 643, 647, 391 A.2d 1116, 1118 (1978)); *see also: Weaver v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 136, 430 A.2d 1214 (1981).

In the present case, the Board found, based on substantial evidence in the record, that claimant had an obligation to inquire whether there were any jobs which he could "bump" into, that claimant made no such inquiries, and that "claimant could have continued his employment had he exercised his bumping privileges. . . ." Furthermore, it is clear that claimant was fully aware that he had to take some affirmative action to preserve his employment since it is undisputed that he was informed by A.C.F. on March 27, 1979, that he had to exercise his "bumping" privilege.

These facts clearly show, in our view, that claimant, by failing to take any affirmative action to exercise his "bumping" privilege, clearly engaged in conduct which lead to the termination of his employment, and that he is therefore disqualified from receiving

benefits by Section 402(b)(1) of the Law.  *Fisher; Weaver.*

Accordingly, we enter the following

ORDER

AND Now, December 23, 1981, the Decision and Order of the Unemployment Compensation Board of Review, Decision No. B-176537, dated October 10, 1979, is affirmed.