Manuel Benitez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jerry L. Cohen,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 4, 1983:

The claimant, Manuel Benitez, appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(b) of the Unemployment Compensation Law.[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

242

The claimant was last employed as a production line worker by the Monsey Product Company. In November 1979, the claimant was suffering with a hiatal hernia and by notes dated November 2 through November 15, 1979, he informed his employer of this condition. The claimant's wife contacted the claimant's union in December of 1979, to secure forms needed for hospital care. Thereafter neither claimant nor any member of his family communicated with the employer, nor requested a leave of absence. On May 28, 1980 the employer learned that the claimant's union had paid no insurance benefits to the claimant and subsequently the claimant's position was filled.

The claimant's application for unemployment benefits was denied by the referee and Board upon a conclusion that the claimant abandoned his employment and failed to take the reasonable and necessary steps to preserve his employment. The claimant now appeals to this Court contesting the conclusion reached by the referee and Board. We affirm.

While sickness may constitute good cause for leaving work, a continued absence from work may, through the lapse of an unreasonably long period of time, become a voluntary termination of one's employment relationship so as to preclude benefits under Section 402(b) of the Law. *Simpson v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 245, 370 A.2d 432 (1977). An employee must take the necessary minimal steps to preserve his employment relationship, which in this case would have required that the claimant inform his employer as to when and if he was returning to work. *Unemployment Compensation Board of Review v. Metzger,* 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977). In the instant case, the referee found that the employer had no knowledge of the claimant's situation for at least five months and further, the claimant had never requested

a leave of absence. These findings are supported by record evidence. Under these circumstances, we cannot determine that it was error for the Board to conclude that the claimant abandoned his employment so as to preclude benefits under the Law.[2] Accordingly, the order of the Board denying benefits is hereby affirmed.

### ORDER

AND Now, this 4th day of April, 1983, the order of the Unemployment Compensation Board of Review dated January 8, 1981, No. B-191215, denying benefits to the claimant, Manuel Benitez, is hereby affirmed.

---

[2] The claimant argues that he continued to give notice to his employer regarding his disability as evidenced by his receipt of insurance benefits from the employer's insurance company. Whether or not this contention is true is one which we are prohibited from reviewing, as the insurance documents relied upon by the claimant are not of record. Further, there appears to be some question as to whether or not the documents to which the claimant refers are those of his employer's insurance company. In any event, we conclude that the referee's findings are supported by evidence of record.