Nancy J. Novotny, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 3, 1983, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Vincent J. Roskovensky, II,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 10, 1984:

This is an appeal by Nancy J. Novotny (Claimant) of an order of the Unemployment Compensation

Board of Review (Board) which affirmed a decision of a referee denying benefits. We reverse.

Claimant was employed by the Oglevee Floral Company. On December 11, 1981, she notified her employer that she would be unable to work for an unspecified period of time because of ill health. On February 23, 1982, Claimant returned to Oglevee and informed her employer that her doctor had released her to return to work. At that time, Claimant was informed that her position had been filled and she would not be able to resume her employment. Claimant filed a claim for unemployment benefits which was denied by the Office of Employment Security (OES) under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Following a hearing, a referee affirmed the OES determination, concluding that Claimant had voluntarily terminated her employment. The referee found that Claimant had failed to request a leave of absence and thereby failed to take the necessary steps to preserve the employer-employee relationship. On appeal, the Board affirmed. Petition for review by this Court followed.

> The Board argues that the law in this area is clear: Although sickness may be good cause for leaving work, continued absence from work may, through the lapse of an unreasonably long period of time, become a voluntary termination of the employer-employee relationship without good cause so as to preclude a recovery under Section 402(b)(1).

*Simpson v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 245, 247, 370 A.2d 432, 434 (1977), *citing Unemployment Compensation*

*Board of Review v. Tate,* 22 Pa. Commonwealth Ct. 4, 347 A.2d 501 (1975). The referee found and the Board argues that Claimant's failure to request a formal leave of absence was indicative of her abandonment of the employer-employee relationship. We do not agree. In *Check v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 47, 423 A.2d 1140 (1981), we held that failure to secure the employer's *permission* for an absence, when the claimant had not informed the employer of the medical need for the absence, was indicative of abandonment of the employer-employee relationship. In the case at bar, however, the Claimant did inform the employer of her ill health and the record indicates the employer's implicit acquiescence in her leaving work. No more formal request for permission or leave was necessary.

We have also held, however, that other circumstances may be indicative of abandonment of the employer-employee relationship. *See Benitez v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 241, 458 A.2d 619 (1982); *Unemployment Compensation Board of Review v. Metzger,* 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977). In *Benitez* the claimant had been absent on disability and certified to return to sedentary work by the employer's physician. After working one day, the claimant left work again and continued treatment under another doctor. During the second absence the claimant made *no* contact with the employer and was replaced. We found that the failure to contact the employer and explain the continued treatment or indicate its expected duration was indicative of abandonment of the employer-employee relationship. In the case at bar, the employer admits that contact was received from the Claimant and her parents and on

several occasions the employer phoned Claimant to inquire about the state of her health.[1]

In *Metzger* we also upheld the Board's finding that a claimant had failed to manifest her intention not to abandon her employment. In that case the claimant, on vacation abroad, became ill and cabled relatives with instructions to inform the employer of her illness and delayed return. Testimony before the referee was conflicting as to whether the employer was actually informed of the reason for the claimant's failure to return to work when anticipated. Under our limited scope of review, we were unable to reverse the Board. Here, however, the employer was amply informed of the reason for Claimant's absence. We do not read *Benitez* and *Metzger* to require a claimant, absent because of illness, to speculate as to the course and duration of that illness and predict when its subsidence will allow a return to work.

Consequently, the referee and the Board erred in requiring that Claimant expressly request a leave of absence to preserve the employer-employee relationship. The referee and the Board also erred in concluding that failure to predict a date of return was, of itself, an abandonment of the employer-employee relationship. The record in this case is clear that contact with the employer was maintained and the employer was kept informed of the state of Claimant's health. The employer gave no indication to the Claimant that her continued absence would be considered abandonment.[2] In addition, the employer al-

---

[1] And unlike circumstances in our other cases, the record indicates no warning from the employer that the prolonged absence might be considered abandonment of her job. *See e.g. Check; Schwarzenbach v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 137, 387 A.2d 519 (1978).

[2] *See supra* note 1.

466

lowed the Claimant to continue in the employer's group medical insurance plan. Under these circumstances, we believe the employer-employee relationship was preserved.

ORDER

Now, January 10, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter. No. B-208878, dated August 16, 1982, is hereby reversed and the matter remanded for the computation of benefits. Jurisdiction is relinquished.