Diane F. Mastroianni, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 8, 1983, to Judges WILLIAMS, JR., BARRY and BARBIERI, sitting as a panel of three.

*Richard S. Packel,* for petitioner.

*Peter C. Layman,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 6, 1984:

Diane F. Mastroianni (claimant) petitions for review of the decision and order of the Unemployment

Compensation Board of Review (Board) denying benefits under Section 402(b) of the Unemployment Compensation Law (Act)[1] (voluntary termination without cause of a necessitous and compelling nature).

The Board made the following findings of fact in this case:

1. Claimant was last employed as a secretary by the Allen-Sherman-Hoff Company from 1978 at a final rate of $15,000 annually and her last day of work was April 6, 1981.

2. Claimant requested and was granted a leave of absence to expire on October 6, 1981.

3. Upon being granted the leave of absence, claimant was advised that if she did not return by the expiration date of her leave, her employment status will be considered to be voluntarily terminated.

4. Claimant contacted her employer prior to the expiration of her leave and was advised that her position was no longer available and her employment terminated.

5. At the time of her requested leave of absence claimant believed that if there was no suitable position available for her at the expiration of her leave she would be laid off due to lack of work.

6. Employer's policy in effect at the time of claimant's leave of absence, provided for the termination of employees at the expiration of a leave of absence if no suitable position existed.

7. Claimant voluntarily terminated her employment on October 6, 1981.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

In the "Discussion" section of its decision, the Board emphasized that at the time that she requested her leave, the claimant was aware that her continued employment was dependent on her position being available at the expiration of the leave of absence. From this, the Board reasoned that her acceptance of this risk set in motion the process that culminated in her unemployment, thereby rendering her termination voluntary.

The claimant challenges the Board's legal conclusion and contends that her separation[2] from employment was not voluntary in nature.

In a voluntary termination case, the claimant has the burden of proof and, if a claimant asserts that her termination was not voluntary, the burden of proving that point also lies with her. *Slayton v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981). Whether a termination is voluntary or involuntary is a question of law subject to our review, the resolution of which is dependent upon the underlying facts as found by the Board. *Comstock v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 380, 437 A.2d 1318 (1981). Because the burdened party did not prevail below, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *James v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 428, 449 A.2d 791 (1982).

---

[2] It is important to note that the claimant filed claims for benefits for weeks subsequent to her leave of absence. Therefore, we are not concerned with her eligibility for benefits during her leave or her "separation" on April 6, 1981.

Our review of the Board's findings reveals that not only are they inconsistent with each other, but they also are inconsistent with the Board's conclusions of law.[3]

Both the claimant and the employer submitted into evidence written statements of the employer's Personal Leave of Absence policy. The material difference between these documents is that the claimant's indicates that an employe returning from a personal leave of absence who could not be returned to her old position or given other suitable work by the employer would be laid off, while the employer's version provides that such an employe will be terminated on the expiration date of the leave. It is apparent from the findings of fact that the Board gave greater weight to the employer's version, as is its prerogative as the ultimate fact-finder under the Act.[4] However, it is also apparent that the Board has misconstrued the pertinent provisions of the policy statement in reaching its conclusion of law.

Under the heading of "PROCEDURES", section B, the employer's version of the policy provides as follows:

> A leave of absence up to 6 months may be granted to salaried employees with at least one year of Company service, when a good and sufficient written reason has been submitted for consideration through the Personnel Department and approved by the Division President. A Leave of Absence beyond 6 months

---

[3] Finding No. 7 is at best a mixed finding of fact and conclusion of law and insofar as it is a finding of fact, it is inconsistent with the other findings.

[4] See Section 504 of the Act, 43 P.S. §824, and *Johnson v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 409, 442 A.2d 853 (1982).

will be reviewed only upon special consideration. It is expected that the employee will not accept any other position of employment during a leave of absence. If, on completion of a leave of absence, the employee does not return to work, they will be considered to have resigned and their employment terminated on the date their leave began.

Employees returning from a leave of absence shall be returned to their former position, if it is available, or to a comparable available position within the Company. If no suitable position exists, the employee will be terminated on the date their leave expired.

A fair reading of this document can lead only to the conclusion that the claimant would be considered to have voluntarily terminated her employment if she did not attempt to return to work at the expiration of her leave. Because the claimant contacted the employer prior to the completion of her leave in an attempt to return and, because her former (or a comparable) position was not then available, she was involuntarily terminated under this policy. Except for No. 7, the findings reflect the foregoing interpretation of the policy; therefore, the Board erred in concluding that the claimant voluntarily terminated her employment.

We have held that certain conduct which sets in motion the process which results in unemployment can constitute a voluntary termination. For example, in *Comstock,* the failure to exercise known "bumping" rights was held to constitute a voluntary termination when the employee could have continued working had he done so. Also, an employee who resigned his union position as recording secretary during a lay off in which he would have been included but for his exempt

status as a union officer was held to have voluntarily terminated his employment when he was laid off the following day as the direct result of leaving the union office. *Weaver v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 136, 430 A.2d 1214 (1981) (Petition for Allowance of Appeal denied October 9, 1981). Similarly, in *Fisher v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 518, 393 A.2d 1304 (1978), we affirmed a denial of benefits as a voluntary termination to an employee who signed off his job as a feeder and entered his employer's labor pool in full knowledge that he would be laid off the next day as a result. However, the common thread running through such cases, the prior knowledge that such conduct will directly and immediately result in the employee's unemployment clearly is absent here.

Also absent from the instant case is the type of conduct found in *Strelinski v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 65, 367 A.2d 330 (1977), upon which the Board relies. Strelinski was the Director of the Drug Unit of a mental health/mental retardation center. When he was named to the post of Acting Executive Director, an Acting Drug Unit Director was also appointed. We noted there that the record was "clear that all parties understood from the inception that Strelinski could return to his former position should he not be named Executive Director on a permanent basis." *Id.* at 67, 367 A.2d at 331. However, while serving as Acting Executive Director, Strelinski requested the employer to appoint the Acting Drug Unit Director on a permanent basis. The employer complied with this request, but named someone other than Strelinski to be the permanent Executive Director. Hence, the employer had no further work for him. Under such

circumstances, we affirmed the denial under the voluntary termination provisions of the Act, but in the instant case, there is nothing in the record to suggest that the claimant requested that she be replaced permanently while on her leave; that choice was exclusively the employer's. Therefore, *Strelinski* is factually distinguishable to the case at bar and not controlling.

Finally, we believe that the interpretation urged on us by the Board violates the Act's Declaration of Public Policy, which provides that benefits are to be paid to those persons who are "unemployed through no fault of their own."[5] Clearly, the claimant, by requesting a leave of absence to resolve her personal problems, did all that can be required of her to preserve her employment.[6]

Therefore, for the reasons set forth above, we must reverse the Board and remand to the Board for the computation of benefits due the claimant.

ORDER

AND Now, this 6th day of April, 1984, the decision and order of the Unemployment Compensation Board of Review, B-204333, is reversed and the record is remanded to the Board for the computation of benefits due the claimant.

---

[5] Section 3 of the Act, 43 P.S. §752.

[6] *See Novotny v. Unemployment Compensation Board of Review*, 79 Pa. Commonwealth Ct. 462, 469 A.2d 718 (No. 2259 C.D. 1982, filed January 10, 1984), where we held that there was no voluntary termination of the employment by an employe who, while absent from work due to illness for an indefinite period, maintained contact with the employer and kept the employer informed as to the state of her health. We rejected the contentions that she voluntarily terminated her employment by failing to formally request a leave of absence or because she was unable to predict to the employer when she would be able to return.