518 A.2d 350

Laurie Wurster, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 8, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*James T. Rague, Spencer, Gleason & Hebe,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, December 11, 1986:

Laurie Wurster (petitioner) petitions for review of a decision and order of the Unemployment Compensation Board of Review (Board) which denied benefits, pursuant to Section 402(b) of the Unemployment Compensation Law (Act),[1] to the extent provided by *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976).[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntary termination results in ineligibility unless caused by necessitous and compelling circumstances).

[2] *Fabric* held that an employee who voluntarily terminates part-time employment without cause of a necessitous and compelling nature for so doing is rendered ineligible for further benefits only to the extent that such benefits were decreased by virtue of the part-time earnings.

The specific weeks involved in this matter are the weeks ending September 1, 1984 and September 8, 1984. Inasmuch as a separation issue is presented on review and the record indicates that the petitioner continued to file claims for weeks subsequent to the weeks herein noted, our holding will control the petitioner's eligibility in such subsequent weeks as well.

The Board pertinently found that the petitioner was a part-time temporary instructor at Williamsport Area Community College (College); that her employment was on a semester-by-semester basis contingent upon course enrollment; that during her last period of employment, the 1984 summer term, which ended on August 3, 1984, the petitioner indicated to her department head that she had been accepted for graduate school and would be relocating to New England for the fall; that, based on the information she provided, the College did not contact her for possible employment in the 1984 fall semester; and that the College had work available for her in the 1984 fall semester if she had wished to continue under the same circumstances as in the past.

The petitioner contends that the Board erred (1) by considering whether or not she had "reasonable assurance" of returning to work in the fall semester and (2) by concluding that she had voluntarily terminated her employment.

As the petitioner correctly notes, the term "reasonable assurance" is a term of art specifically related to Section 402.1 of the Act,[3] and it is utilized to determine eligibility during the periods *between* school years, semesters and terms, or *during* holiday breaks. Due to this nexus with such periods, Section 402.1 is

---

[3] 43 P.S. §802.1; *see Richland School District v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 413, 459 A.2d 1358 (1983).

generally inapplicable to a determination of whether or not an employee has voluntarily terminated employment.[4] The Board here, however, apparently has adopted the "reasonable assurance" concept in attempting to articulate its conclusion that the employment relationship between the petitioner and the College would have continued according to the past practice had not the petitioner advised her department head of her intent to further her education at a distant locale.

Although we would question the wisdom and efficacy of importing a concept from one section of the Act, wherein that term has had a distinct legal meaning, into another and unrelated section, in which the term's meaning is unsettled, we cannot hold here that the Board committed reversible error in so doing.

In regard to the voluntary termination issue, the petitioner argues that her termination was not voluntary because she became unemployed when the 1984 summer term ended, and she did not receive an offer to return to her teaching duties for the fall term.

Before the compensation authorities, the petitioner bore the burden of proving that her termination was not voluntary. *Mastroianni v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 408, 473 A.2d 746 (1984). Whether or not a termination is voluntary is a question of law, of course, subject to our review, the resolution of which is dependent upon the underlying facts as found by the Board. *Id.* And, pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we must affirm a Board adjudication unless a party's constitutional rights were violated, or there

---

[4] For an instructive analysis of the relationship between Sections 402(b) and 402.1, *see Abel v. Unemployment Compensation Board of Review*, 102 Pa. Commonwealth Ct. 209, 517 A.2d 594 (1986).

was an error of law, or necessary findings of fact are not supported by substantial evidence. *Corbacio v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 70, 466 A.2d 1117 (1983). Furthermore, we must accord the prevailing party below every reasonable inference which may be drawn from the testimony. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

As we have noted, the Board found against the petitioner on the crucial point of whether or not she was responsible for her unemployment,[5] based on the testimony of the employer's witnesses. The petitioner's department head testified that, in a conversation with the petitioner at the conclusion of the 1984 summer term, the petitioner advised him of her plans to attend graduate school in New England that fall. Moreover, in her own brief to us, the petitioner admits that she had informed the College of her enrollment in the graduate program. Under such circumstances, we must conclude that the Board's findings are based on substantial evidence.

Finding no constitutional violations or errors of law, we will, therefore, affirm the order of the Board.[6]

## ORDER

AND NOW, this 11th day of December, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

[5] Where an employee expresses an intent to discontinue employment which is coupled to some triggering event, a legal conclusion of voluntary termination is justified. *York Tape and Label Corp. v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 163, 435 A.2d 305 (1981).

[6] In arguing that her separation from the College was not voluntary, the petitioner does not argue alternatively that, if her termination was voluntary, then she had cause of a necessitous and compelling nature for so doing.