529 A.2d 614

Sharon S. Stankiewicz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 23, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*David B. Marateck, Lark, Makowski, Marateck & Konopka,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 10, 1987:

Sharon Stankiewicz (petitioner) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which denied her benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law), 43 P.S. §802(b) (voluntary termination without cause of a necessitous and compelling nature).

The referee, as affirmed by the Board, made the following findings:

1. Claimant was last employed by Geisinger Medical Center, Danville, Pa. as a Radiologic Technologist at the rate of approximately $10.06 an hour. Her employment history with this employer began December 26, 1976 and lasted to and including January 2, 1985, her last day of work.

2. Prior to her last day of work, the claimant had requested and received approval for a leave of absence for a period of 6 months beginning January 3, 1985 and ending on or about July 2, 1985.

3. The letter of January 23, 1985 officially approving the leave of absence contained a statement to the effect that the employer could not guarantee the claimant a position for her at the end of her leave; however, she was informed that she would be given preferential considera-

tion over new applicants for positions in her former department.

4. Notwithstanding the employer's statement informing the claimant that she could not be guaranteed a position to return to work at the end of her leave, the claimant still engaged [sic] the leave of absence.

5. Claimant was considered a valued employee and continued employment in her regular position was available had she chosen to remain and not engage [sic] the leave of absence in question.

The petitioner, relying on *Mastroianni v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 408, 473 A.2d 746 (1984), contends that she did not voluntarily terminate her employment. The Board argues that *Mastroianni* is distinguishable because in that case the employer would *have kept* the employee's position open for her so long as she attempted to return at the end of her leave of absence.[1]

In considering this Section 402(b) case, we must review the underlying facts as found by the referee to determine whether or not the termination of employment was voluntary as a matter of law. *Comstock v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 380, 437 A.2d 1318 (1981). And, of course, our review is limited to determining whether or not constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Wurster v. Unemployment*

---

[1] Our review of *Mastroianni* indicates, not that a position would have been kept open for the employee, but that, as in the case *sub judice*, the petitioner's return to work after the leave of absence was contingent upon the availability of a position at the time of her proposed return.

*Compensation Board of Review,* 102 Pa. Commonwealth Ct. 417, 518 A.2d 350 (1986).

Initially we note that the petitioner applied for benefits beginning on June 30, 1985 with a waiting week ending date of July 6, 1985, and a compensable week ending date of July 13, 1985. The findings, however, are concerned only with the time at which the petitioner decided to commence her leave of absence[2] in January 1985, rather than with the period at issue, *i.e.,* the time after the leave had expired and the petitioner had expressed a desire to return to work in July 1985. Furthermore, although not the subject of a finding of fact, the record indicates that the petitioner was informed by her employer that, if she desired to return to work at the end of her leave, she had to give two weeks advance written notice; that on June 17, 1985 she sent the required notice, but she was then informed that no positions were available; and that in July 1985 the employer extended her leave for an additional year, which extension was confirmed by the employer's letter dated August 12, 1985.[3]

---

[2] The referee, as affirmed by the Board, concluded that the petitioner had good reason for requesting the six month leave of absence.

[3] The August 12, 1985 letter, in pertinent part, reads as follows:

> During this time our Human Resources Department will contact you if the same or a comparable position for which you may be qualified becomes available in your former department. It will be your responsibility to notify Human Resources if you are interested in positions in other departments as they are posted.
>
> During the leave extension period you will be given preferential consideration for your former position or comparable position for which you may qualify in your former department. If during this period an offer of employment is extended for the same or comparable position and you refuse the position, it will be considered a voluntary resig-

As we stated in *Mastroianni,* an employee does not necessarily voluntarily terminate employment by taking a leave of absence, just because the position concerned is filled during that absence, so long as the employee contacts the employer prior to the expiration of the leave and indicates a desire to return to work.

The Board here, however, made *no* findings whatever concerning either the petitioner's attempt to return to work or the employer's unilateral extension of the leave. Absent these necessary findings, therefore, we are unable to perform appellate review.[4] *Heckman v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 558, 474 A.2d 73 (1984).

Accordingly, we will remand this matter for the needed findings.

### Order

And Now, this 10th day of August, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the record is remanded for findings as to whether or not the petitioner attempted to return to work and whether or not the employer unilaterally extended the leave of absence for an additional year.

Jurisdiction relinquished.

---

nation effective the last day worked, and there will be no further obligation on the part of Geisinger Medical Center to place you.

The petitioner, however, contends that she was neither contacted by her employer nor offered a comparable position.

[4] We also note that while the referee concluded that the petitioner had "good reason for requesting the leave of absence for a period of 6 months," he also inconsistently stated that "[u]nder these circumstances, the cause for the [petitioner's] *involuntary termination* cannot be deemed such as would fall within the purview of the qualifying provisions of *Section 402(b) of the Law."* (Emphasis added.)