IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Effluent Retrieval Services, Inc.,     :
    : No. 95 C.D. 2017
        Petitioner    : Submitted: June 23, 2017
    :
      v.          :
    :
Unemployment Compensation     :
Board of Review,     :
    :
        Respondent   :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK              FILED: January 5, 2018


Effluent Retrieval Services, Inc. (Employer) petitions for review of the December 28, 2016 order of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision and held that Reinard Smith (Claimant) is not ineligible for unemployment compensation benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law).[1]

For a total of 15 days from September 2015 through November 2015, Claimant performed services wiping cars for Employer. Finding of Fact (F.F.) No.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). Section 402(h) provides that a person is ineligible for compensation benefits for any week in which he is engaged in self-employment.

1. On January 10, 2016, Claimant applied for unemployment compensation benefits. By notice of determination dated June 30, 2016, the local service center determined that Claimant was ineligible for benefits pursuant to Section 402(h) and assessed him a non-fault overpayment pursuant to Section 804(b) of the Law.[2] Claimant appealed, and a referee held a hearing on August 2, 2016.

Claimant did not appear at the hearing. John Beagle, Employer's president, testified that Claimant signed an independent contractor agreement with Employer, was able to set his own schedule, was not directly supervised or trained, and received a Form 1099 tax document at the end of the year. He also stated that Claimant was never discharged from his position and that Claimant would be welcome to return to work for Employer at any time. Reproduced Record (R.R.) at 28a-29a. The referee determined that Claimant was an independent contractor and was, therefore, ineligible for benefits under Section 402(h) and that Claimant received a non-fault overpayment pursuant to Section 804(b). Claimant appealed to the Board, asserting that he had good cause for his failure to appear at the hearing and that the referee erred in determining that he was an independent contractor and thus ineligible for benefits. R.R. at 36a-55a.

On September 22, 2016, the Board issued an order affirming the referee's decision. Claimant requested reconsideration and the Board granted his request by order dated October 24, 2016. The Board vacated its prior decision and reopened the matter for a remand hearing to receive evidence regarding Claimant's nonappearance at the prior hearing and additional testimony and evidence on the

---

[2] 43 P.S. §874(b). The record reflects that Claimant received unemployment compensation benefits for 11 weeks during April, May, and June of 2016. Record Item 11.

merits, which the Board would only consider if it found that Claimant demonstrated good cause for his previous nonappearance.

The referee, acting as hearing officer for the Board, held another hearing on November 10, 2016. Claimant and Employer attended. Regarding his previous nonappearance, Claimant testified that he did not own a vehicle and relied on public transportation to get to the hearing. He explained that he was taking a trolley to the first hearing when another passenger suffered a medical emergency that caused the conductor to stop the vehicle and call for emergency services. Claimant stated that the trolley was one of the only public transportation options available from Center City that day and he was required to wait for a bus to arrive to transport any passengers wishing to continue on the route. He testified that he called the referee's office to inform her that he would be late and spoke to the secretary. R.R. at 128a-30a.

Regarding the merits, Claimant testified that he would report to a designated pickup location by 6:00 a.m. and Employer would select approximately 17 people to work. He stated that those selected would get into Employer's van and be transported to the work location. Once on location, they received vests, buckets with water, and rags before being escorted to the area where they would wipe down vehicles set for auction. He testified that Beagle or workers with more experience supervised him and the other workers. He stated that Beagle or the supervisors would instruct them as to how to correctly wipe down the cars and reprimand workers if they performed the work improperly. R.R. at 130a-31a.

Claimant testified that if he ever missed the 6:00 a.m. van, he was unable to work for Employer that day. He further explained that, once at the work site, the workers could not leave until the van returned them to the pickup location

at the end of the day.  Claimant stated that Employer did not permit the workers to leave once on the work site, even if they were ill.  He testified that Employer denied the workers lunch breaks and required workers to receive permission before using the restroom.  R.R. 131a-33a.

Claimant admitted that he was not required to work every day and that failing to show up one day did not bar him from working for Employer again.  He also admitted that he was not restricted from working for a competitor.  However, Claimant testified that he never signed an independent contractor agreement, nor did he receive a Form 1099 tax document from Employer at the end of the tax year.[3] Additionally, he testified that he never held himself out as having a business or offered to perform car-cleaning services independent of Employer.  Claimant also reiterated that when he was working for Employer, Employer regularly supervised him and provided him with tools with which to perform his work.  R.R. 131a-33a, 135a, 141a-42a.

Claimant testified that he arrived at Employer's office on October 12, 2015, to pick up his check but there was no check for him.  He stated that he left an internal complaint asserting that he did not receive payment for days he worked when he arrived to pick up his check on November 27, 2015.  He testified that, subsequently, Beagle contacted him by phone and terminated Claimant's employment.  Claimant averred that Beagle discharged him as the result of his complaints.  R.R. at 136a, 144a.

---

[3] On cross examination, Claimant admitted that he received a copy of a Form 1099 tax document issued to him by Employer together with a summary judgment motion Employer filed in a federal complaint filed by Claimant related to his time working for Employer, but unrelated to the matter presently before this Court.  Claimant maintained that the copy in Employer's summary judgment motion was the first and only time he received that document.  N.T. 11/10/2016 at 14-15.

4

Beagle testified that Employer had no attendance policy and that workers varied day to day. He stated that workers were not required to call in if they were not coming to work. He further explained that the only time restriction placed on workers was that they arrive at the meeting spot by 6:00 a.m. because the auto auction site was secured and workers could not gain access on their own. Beagle stated that if Claimant missed the van transport but had been able to transport himself to the facility, Employer would have permitted him to work. Beagle testified that workers were permitted to "come and go as they please." R.R. at 152a. He confirmed that he or the supervisors would oversee the quality of the workers' performance and make them redo their work if the cars were not "presentable." R.R. at 152a, 156a.

Beagle testified that Employer provided workers Form 1099s and that Claimant was issued a Form 1099 at the end of the year. On cross examination, he stated that he remembered having the phone conversation that Claimant mentioned in his previous testimony. Beagle denied having a conversation with Claimant on October 12, 2015, regarding Claimant's status as an employee or independent contractor but asserted that it is his standard practice to have all the workers sign independent contractor agreements. R.R. at 154a-56a.

The Board found that Claimant did not appear at the August 2, 2016 hearing because of another passenger's medical emergency and that he called the referee's office to inform the referee of the situation. F.F. No. 7. The Board concluded that Claimant had good cause for his absence and so considered testimony as to the merits of the claim from both hearings.

The Board found that Claimant reported to a location where individuals were transported by Employer to various worksites. Claimant could choose whether

5

or not to report and was paid by the hour. Supervisors were on location to ensure that cars were wiped correctly. The Board also found that Claimant did not have a business and did not hold himself out to others to perform services. F.F. Nos. 2-6.

The Board determined that Claimant performed his services under the direction and control of Employer. The Board concluded that Employer failed to meet its burden of proving that Claimant was an independent contractor. Consequently, the Board concluded that Claimant was not ineligible for unemployment compensation benefits pursuant to Section 402(h).[4] This appeal followed.[5]

Employer argues that the Board abused its discretion in granting Claimant's request for reconsideration and reopening the record.[6] The Board will grant reconsideration "only for good cause in the interest of justice without prejudice to any party" and the ruling of the Board shall be subject to review by this Court. 34 Pa. Code §101.111(b). "In determining whether 'good cause' exists, the Board must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether it failed to consider relevant law." *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999). This Court's scope of review of a decision to grant a request for

---

[4] Because the Board found that Claimant was not ineligible for unemployment compensation benefits, it determined that there was no overpayment and Section 804 of the Law was not applicable.

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

[6] For clarity, we have reordered Employer's arguments.

6

reconsideration is limited to determining whether the Board abused its discretion. *Georgia-Pacific Corp. v. Unemployment Compensation Board of Review*, 630 A.2d 948, 951 (Pa. Cmwlth. 1993). An abuse of discretion occurs when the Board's decision demonstrates bad faith, fraud, capricious action, or abuse of power, and the party asserting an abuse of discretion bears the burden of proving that it occurred. *Id.*

The Board's regulation at 34 Pa. Code §101.51 provides that where a party is duly notified of the date, hour, and place of a hearing and fails to attend, without proper cause, the hearing may be held in his absence. If the referee held a hearing in the absence of one of the parties, the matter may be reopened if the absent party asserts that he has proper cause for his non-appearance pursuant to 34 Pa. Code §101.24.[7] When a party contends that he has proper cause for his non-appearance, the Board must make an independent determination that the reasons proffered constitute proper cause. *McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167, 169 (Pa. 1986). A party's own negligence is insufficient as a matter of law to constitute proper cause to justify his non-appearance at a hearing and warrant reopening of the record. *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985). However, this Court has held that transportation difficulties constitute good cause to allow a party to file an appeal *nunc pro tunc*. *Perry v. Unemployment Compensation Board of Review*, 459 A.2d 1342, 1343 (Pa. Cmwlth. 1983). We have also held that unforeseen transportation issues are sufficient to demonstrate that an employee had good cause for his tardiness

---

[7] Section 101.24 of the Board's regulations provides that if a party that did not attend a scheduled hearing submits written notice giving the reasons believed to constitute proper cause for not appearing within 15 days after the decision of the referee, it will be accepted as a request for further appeal to the Board and a reopening of the hearing. The Board will rule upon the request. 34 Pa. Code §101.24(a), (c).

7

and did not commit willful misconduct. *Mendez v. Unemployment Compensation Board of Review*, 516 A.2d 806, 807-08 (Pa. Cmwlth. 1986). We have noted that "[i]t is unreasonable to declare, in retrospect, that [the claimant] should have left … early when he had no reason to know of the delay he would encounter." *Id.* at 808. It therefore follows that unforeseen transportation problems may constitute proper cause for reopening a hearing. *See James v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 535 C.D. 2011, filed December 1, 2011) (remanding for the Board to hold a hearing to determine whether the claimant's alleged car trouble constituted good cause for her failure to appear at the referee's hearing).[8]

Here, Claimant filed a notice of appeal and supporting documents to the Board on August 15, 2016, within 15 days of the mailing of the referee's decision. Reproduced Record (R.R.) at 36a-56a. In his initial appeal filing, Claimant explained that he called the referee's office and informed the secretary that he would be late. Claimant stated that he requested to reschedule the hearing but the secretary told him that it was too late. Claimant averred that, instead, she instructed him to wait for the referee's decision and then appeal to the Board. R.R. at 42a. In his request for reconsideration, Claimant elaborated that his non-appearance was the result of "a SEPTA trolley incident" that resulted in the trolley being delayed at Lancaster Avenue in Philadelphia until it could be rerouted. R.R. at 112a. The Board admits that it failed to consider relevant facts concerning whether Claimant asserted proper cause for his non-appearance under Section 101.24 of the Board's regulations. Upon review, the Board determined that the record supported Claimant's assertion that he had called the referee's office approximately 20 minutes

---

[8] Section 414 of the Commonwealth Court Internal Operating Procedures permits citation of "an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent." 210 Pa. Code §69.414.

prior to the August 2, 2016 hearing. We find nothing in the record to demonstrate that the Board abused its discretion in granting reconsideration or in reopening the record.

Employer also argues that the Board erred in determining that Claimant was not an independent contractor pursuant to Section 402(h). [9] The question of whether an unemployment compensation claimant is an independent contractor is a question of law fully reviewable by this Court. *Baer v. Unemployment Compensation Board of Review*, 739 A.2d 216, 217 (Pa. Cmwlth. 1999). Under Section 4(*l*)(2)(B) of the Law, an individual working for wages is considered to be an employee unless:

> (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. §753(*l*)(2)(B). Both prongs of the test must be met for an individual to be considered an independent contractor. *C E Credits OnLine v. Unemployment Compensation Board of Review*, 946 A.2d 1162, 1167 (Pa. Cmwlth. 2008). The employer bears the burden of proving that no employment relationship existed with the claimant. *Id.*

---

[9] Employer also argues that the Board should have determined that Claimant was ineligible for benefits because he failed to seek suitable employment in good faith pursuant to Section 402(a) of the Law, 43 P.S. §802(a). However this argument is waived because Employer failed to raise this issue before the Board. *Merida v. Unemployment Compensation Board of Review*, 543 A.2d 593, 596 (Pa. Cmwlth. 1988).

For purposes of Section 4(*l*)(2)(B), we have identified a number of factors relevant to whether an employee is free from control including: whether there is a fixed rate of remuneration; whether taxes are withheld from the claimant's pay; whether the employer supplies the necessary tools to carry out the services; whether the employer provides on-the-job training; and whether the employer holds regular meetings that the claimant was expected to attend. *Pavalonis v. Unemployment Compensation Board of Review*, 426 A.2d 215, 217 (Pa. Cmwlth. 1981). No one factor is dispositive and the entire relationship must be examined in determining whether it is an employment relationship. *Id.*

In this case, the Board found that Employer fixed and set Claimant's rate of remuneration. Employer supplied Claimant with the tools necessary to carry out the car wiping services. Employer supervised Claimant's work, showing him how to wipe the cars and providing critiques of his performance. Employer argues that Claimant was free of control because Claimant set his own schedule and could choose not to attend work on any day without consequence. However, the record supports the Board's findings that once at work, Claimant was required to remain on the premises for the entire workday, even requiring permission from a supervisor to use the bathroom and Employer supervised the performance of his work throughout the day. More importantly, although Claimant might have been free to work for competitors, Employer offered no evidence that Claimant held himself out as being in the business of car wiping, cleaning, or washing beyond the work he performed for Employer. We agree with the Board that Employer failed to meet its burden of proving that Claimant was an independent contractor for purposes of Section 402(h) of the Law.

10

Finally, Employer argues that Claimant voluntarily separated from his employment without good cause and should be found ineligible for benefits pursuant to Section 402(b) of the Law.[10]

> A claimant seeking unemployment compensation benefits bears the burden of establishing either that (1) his separation from employment was involuntary or (2) his separation was voluntary but he had cause of a necessitous or compelling nature that led him to discontinue the relationship. In other words, in order to be eligible for unemployment compensation benefits, the claimant bears the burden of proving separation from employment, whether voluntary or involuntary.

*Watkins v. Unemployment Compensation Board of Review*, 65 A.3d 999, 1004 (Pa. Cmwlth. 2013) (citations omitted).

The Board contends this issue is waived.[11] However, at the August 2, 2016 hearing, Beagle asserted that Claimant was never discharged and that Employer had work available for him. In his closing statement, Employer's counsel stated that Claimant "stopped working of his own volition, so on a number of basis's [sic] . . . his claim should be rejected." R.R. at 30a. At the November 11, 2016 hearing, Claimant asserted that Beagle discharged him by phone. Although both parties offered relevant testimony, the Board made no findings as to Claimant's

---

[10] Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. 43 P.S. §802(b).

[11] Waiver occurs if a party fails to raise the issue prior to appearing before the Commonwealth Court. *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179. 180-81 (Pa. 1981). The Board has the authority to decide issues not previously raised before the referee if they are supported by the record and the speedy administration of justice will be served. *Sharp Equipment Co. v. Unemployment Compensation Board of Review*, 808 A.2d 1019, 1025 (Pa. Cmwlth. 2002). The only restraint on the Board's review is the requirement that it cannot consider issues that would surprise or prejudice any party. *Id.*

separation from employment. Without such findings, we are unable to engage in effective appellate review of this issue. *See Stankiewicz v. Unemployment Compensation Board of Review*, 529 A.2d 614, 616 (Pa. Cmwlth. 1987) (holding that where the Board's findings are incomplete, this Court cannot perform appellate review and must remand for additional findings).

Accordingly, the Board's decision is affirmed insofar as it finds that Claimant is not an independent contractor for purposes of Section 402(h) of the Law. However, we vacate the Board's order and remand this matter to the Board for additional findings of fact and conclusions of law related to the circumstances surrounding Claimant's separation from employment and his eligibility for benefits under Section 402(b) of the Law.

MICHAEL H. WOJCIK, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Effluent Retrieval Services, Inc.,      :
                                        : No. 95 C.D. 2017
                         Petitioner     :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :
                                        :
                         Respondent     :

# O R D E R

AND NOW, this 5<u>th</u> day of <u>January</u>, 2018, the order of the Unemployment Compensation Board of Review (Board), dated December 28, 2016, is AFFIRMED in part and VACATED in part, and this matter is REMANDED to the Board to issue a new decision, based on the existing record, containing additional findings of fact and conclusions of law related to the circumstances surrounding Reinard Smith's separation from employment and his eligibility for benefits under Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). *See Stankiewicz v. Unemployment Compensation Board of Review*, 529 A.2d 614, 616 (Pa. Cmwlth. 1987) (holding that where the Board's findings are incomplete, this Court cannot perform appellate review and must remand for additional findings).

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge